United States District Court
Southern District of Texas
**ENTERED**
December 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON BALTASAR FRANCO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-2443 |
| § | |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION ON ATTORNEY'S FEES

Pending before the court is Plaintiff's Motion for Attorney's Fees (Doc. 14) and the responses filed thereto. For the reason stated below, it is **RECOMMENDED** that Plaintiff's motion be **GRANTED**.

### I.  Procedural Background

On August 12, 2015, Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration ("Commissioner"). On September 1, 2016, the court remanded the action to the Commissioner.

On September 23, 2016, Plaintiff filed the present motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. In the motion, Plaintiff's counsel seeks $9,765.31, representing 23.6 hours at $188.87 per hour for fees incurred in 2015 ($4,457.33) and 27.9 hours at $190.25 per hour for fees

incurred in 2016 ($5,307.98).[1]

Defendant does not challenge the calculation of Plaintiff's counsel's hourly rate but argues that the total billed 51.50 hours is unreasonable. In reply, Plaintiff's counsel states that Plaintiff was represented by other counsel at the administrative level and it took considerable time to familiarize himself with the record. This action had a seven-year administrative history involving several hearings and two separate applications. The administrative law judge wrote a sixty-page opinion, and the administrative record exceeded 1180 pages.

Defendant challenges 1.85 hours on August 17, 2015, ("Drafted Original Complaint"), and 1.35 hours on August 18, 2015, ("Revised and Finalized Original Complaint") on the grounds that this total charge for 3.2 hours is excessive and that a more reasonable charge would be 2.0 hours. The court will not quibble over 1.2 hours in a case that is as complicated as this one.

Defendant next complains that Plaintiff's counsel spent .5 hours filling out and filing the in forma pauperis application with the complaint, arguing that this form should have been filled out by clerical staff. This amount is too de minimis to debate and Defendant's objection is overruled.

Plaintiff's counsel billed 7.4 hours on December 15-16, 2015, reviewing the administrative record; Defendant argues that this

---

[1] In the motion, Plaintiff's counsel seeks $10,438.63, however that appears to be a math error, given the number of hours and the billed rate.

amount should be reduced by 2.5 hours. The court spent considerably more than 7.4 hours reviewing the administrative record. Defendant's objection is without merit.

Plaintiff's counsel billed 18.15 hours preparing Plaintiff's motion for summary judgment, which Defendant suggests is eleven hours too much. Again, the court devoted more than eighteen hours drafting its memorandum and recommendation, consequently, it finds that Defendant's argument to the contrary to be without merit.

Defendant also objects to .3 hours for filing a motion for extension of a deadline on January 3, 2016, and 1.0 hour for drafting correspondence, faxing the motion and revising the fee petition on the grounds that clerical work should not be reimbursed at an attorney rate. The court does not find that these tasks are wholly clerical.

In sum, after reviewing the fee application of Plaintiff's counsel, the court finds that the hours expended are reasonable and the hourly rate is properly calculated. It is therefore **RECOMMENDED** that Plaintiff's motion for attorney's fees be **GRANTED** and that Plaintiff be awarded $9,765.31 under the Equal Access to Justice Act.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period

mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of December, 2016.

_____
U.S. MAGISTRATE JUDGE